**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
CHRIS TAYLOR,                   :
                               :
          Plaintiff,            :
                               :
                               :
v.                             :
                               :  Civil No. 3:25-CV-2151 (AWT)
                               :
TOWN OF EAST LYME, DAN          :
CUNNINGHAM, in his individual   :
capacity and official capacity, :
ERIK QUINN, in his individual   :
capacity and official capacity, :
                               :
          Defendants.           :
------------------------------- X
```

<u>**ORDER RE MOTION TO DISMISS**</u>

Plaintiff Chris Taylor has filed a six-count Complaint against defendants Town of East Lyme (the "Town"), Dan Cunningham, in his individual and official capacities, and Erik Quinn, in his individual and official capacities. The defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. For the reasons set forth below, the motion to dismiss is being granted.

## I.   FACTUAL ALLEGATIONS

The defendants have accurately summarized the allegations in the Complaint in their Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 17-1)("Def. Mem."), as

-1-

follows:

> Plaintiff, Chris Taylor, is a resident of East Lyme Connecticut. (Compl. ¶ 1). During the relevant time period, Plaintiff was a part-time firefighter employed by the Town and was the volunteer fire chief for the Flanders Fire Department, which is part of the East Lyme Fire Department. (Compl. ¶ 1). Defendant Dan Cunningham served as the First Selectman for the Town and was responsible for hiring and firing, as well as for oversight of Plaintiff's work as the volunteer fire chief during the relevant time period. (Compl. ¶ 3)

> Plaintiff alleges that other career and unionized firefighters who were employed by the Town made unfounded accusations of him being untrustworthy, dishonest, and lax in the maintenance and purchasing of equipment. (Compl. ¶ 5). Specifically, Plaintiff claims that the Town's Deputy Fire Marshal, Erik Quinn, falsely accused Plaintiff of wrongdoing in connection with the purchasing and use of equipment. (Compl. ¶ 33). In January 2024, Plaintiff found two Town firefighters in his office. (Compl. ¶6). Allegedly, his coworkers opened his locked office door and searched Plaintiff's desk without his consent. (Compl. ¶ 6). Plaintiff told his coworkers to leave. (Compl. ¶ 6). Shortly thereafter, a town employee made a complaint of harassment against Plaintiff. (Compl. ¶ 7). The harassment complaint alleged that Plaintiff had made the employee "feel uncomfortable upon their arrival at work on January 17, 2024, and that Plaintiff used foul language." (Compl. ¶ 7). Plaintiff was informed by First Selectman, Dan Cunningham, he was being placed on administrative leave due to the complaint and that an independent investigator had been retained by the Town to review the complaint. (Compl. ¶ 7).

> . . .

> Plaintiff was notified by First Selectman Dan Cunningham that as part of his administrative leave, he was to stay off Town property and to not talk to any Town employees. (Compl. ¶ 8). Plaintiff alleges that due to this he was denied his constitutional right to vote in person on Town property and was denied the opportunity to have a relationship with his daughters, who are also Town employees. (Compl. ¶ 8). Plaintiff also alleges that

he and other witnesses were never interviewed as part of the investigation.  (Compl. ¶ 11).

As part of his administrative leave, Plaintiff was also ordered to attend an Employee Assistance Program session for "anger management issues."  (Compl. ¶ 10).  Plaintiff alleges that he was requested to share the notes from his anger management session with the Town HR Manager.  (Compl. ¶ 10).

. . .

Plaintiff alleges that he was exercising his free speech by telling the coworkers he found in his office to leave, and that Plaintiff's statement to "leave his office" is protected, by the First Amendment of the United States Constitution, and Sections 3, 4, and 14 of Article First of the Constitution of the State of Connecticut.  (Compl. ¶¶ 6, 14).

Plaintiff further alleges that he has a property interest in his job pursuant to the Town Charter and Ordinance, and that good cause was required to terminate his employment.  (Compl. ¶ 27).  Plaintiff does not allege that he was terminated.  Ultimately, Plaintiff claims to have been "constructively and effectively terminated from his employment."  (Compl. ¶ 29).

. . .

Plaintiff alleges that he was subjected to negative and embarrassing press reports due to his administrative leave and the investigation into him.  (Compl. ¶ 8).  Plaintiff also alleges he was intentionally placed in a false light to the Town and public by being subjected to false accusations of wrongdoing by Erik Quinn, who also made these statements to the investigator.  (Compl. ¶ 33).  Plaintiff alleges these actions have caused him to suffer severe emotional distress, humiliation, embarrassment, damage to his professional reputations, loss of enjoyment of life, and mental anguish as a result of Defendants' actions.  (Compl. ¶¶ 18, 35).

(Def. Mem. at 3-5.)

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (internal citations and quotations omitted).  However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the

-4-

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. DISCUSSION

### A. First Count

The First Count is a claim that the Town violated Connecticut General Statutes § 31-51m.

Section 31-51m(b) prohibits an employer from discharging or otherwise disciplining an employee for reporting a suspected violation of any state or federal law or regulation, or any municipal ordinance or regulation to a public body, as defined by Gen. Stat. § 31-51m(a)(4); or for participating in an investigation held by that public body. See Conn. Gen. Stat. §§ 31-51m(b)(1), (2). A "public body" is "(A) any public agency, as defined in subdivision (1) of section 1-200, or any employee, member or officer thereof . . ." Conn. Gen. Stat. § 31-51m(a)(4). "Public Agency" means "(A) Any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town,

borough, municipal corporation . . . ."  Conn. Gen. Stat. § 1-200(1).

The Complaint alleges only that the plaintiff told two coworkers to leave his office.  There is no allegation that the plaintiff reported any violation of any law, ordinance or regulation to any public body, nor any allegation that a public body requested the plaintiff to participate in any investigation; the Complaint specifically alleges that he was never interviewed as part of the investigation into his conduct.

Because the plaintiff has not alleged facts that could show that he participated in a protected activity pursuant to Section 31-51m, he has failed to state a claim, and the First Count must be dismissed.

## B. **Second Count**

The Second Count is a claim that the Town violated Connecticut General Statutes § 31-51q.

Section 31-51q provides, in relevant part:

> [A]ny employer, including the state and any instrumentality or political subdivision thereof, who subjects or threatens to subject any employee to discipline or discharge on account of (1) the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee . . . .

-6-

Conn. Gen. Stat. § 31-51q(b).

To qualify for constitutional protection, the underlying speech itself must address a matter of public concern.  Speech addresses a matter of public concern when it may "be fairly considered as relating to any matter of political, social, or other concern to the community . . . ."  Jackler v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011) (quoting Connick v. Myers, 461 U.S. 138, 146 (1983)).  "Speech that, although touching on a topic of general importance, primarily concerns an issue that is 'personal in nature and generally related to [the speaker's] own situation,' such as his or her assignments, promotion, or salary, does not address matters of public concern."  Id.

Here, the Complaint alleges that the plaintiff told his coworkers to leave his office.  It was a personal statement informing them that they were unwelcome in his office.  Thus, the speech was made primarily concerning an issue that was personal in nature and relating to the plaintiff's own situation.

Because the plaintiff has not alleged facts that could show that he engaged in any protected speech pursuant to Section 31-51q, he has failed to state a claim, and the Second Count must be dismissed.

### C. **Third Count**

The Third Count is a claim against the Town and Cunningham,

in his individual and official capacities, pursuant to 42 U.S.C. § 1983, that they violated the plaintiff's First Amendment rights.  As discussed above, the plaintiff has not alleged facts that could show that his First Amendment rights were violated. Consequently, he has not alleged facts that could show that a First Amendment violation was the result of a formal policy, action of a government official responsible for establishing policy, or custom or practice of the Town, as required to establish a Monell claim.  See Connelly v. Komm, No. 3:20CV1060 (JCH), 2021 WL 5359738, at *2 (D. Conn. Nov. 16, 2021) ("To establish a Monell claim, plaintiffs must allege sufficient facts to plausibly: (1) establish that [they] suffered a constitutional violation, and; (2) establish that the violation resulted from an identified municipal policy, custom, or practice.")(cleaned up).

Therefore, the Third Count must be dismissed.

## D. **Fourth Count**

The Fourth Count is a claim against the Town and Cunningham, in his individual and official capacities, pursuant to 42 U.S.C. § 1983, for violation of the plaintiff's right to procedural due process.

On a procedural due process claim, "[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution."  Narumanchi v. Bd. of

-8-

Trs. of Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988).  An employee has a property interest in his or her job only where he or she cannot be discharged in the absence of good cause.  See, e.g., Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991) (finding that a public employee had property interest in his job because he could only be discharged for good cause). The inquiry for the court is whether the plaintiff has a contractual right giving rise to a "legitimate claim of entitlement" to continued employment.  Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  The plaintiff "must have more than a unilateral expectation" of entitlement to a position in order to have a property interest. Id.  Because the Constitution does not create property interests, the court must look to "existing rules or understandings."  Id.  The Supreme Court has held that a legitimate claim of entitlement can arise, not only from a contract, but from rules or mutually explicit understandings. See Perry v. Sinderman, 408 U.S. 593, 601 (1972).

Here, the Complaint does not allege any facts that could establish that the plaintiff had a legitimate claim of entitlement to his employment arising from some statute, contract or regulation.  Rather, he simply asserts that he had such a claim.  However, he has not specified any provision of the Town Charter and Ordinance that provides him with

-9-

entitlement to his position, either as a part-time firefighter or as a volunteer fire chief.  Nor does he identify any factual support for his assertion that his employment could only be terminated for good cause.

Because the plaintiff has not alleged facts that could establish that he had a property interest in his employment or volunteer position, he has failed to state a claim, and the Fourth Count must be dismissed.

### E. **Fifth Count**

The Fifth Count is a claim against the Town, and Cunningham and Quinn, in their individual and official capacities, for intentional infliction of emotional distress.

"In order for the plaintiff to prevail in a case for liability under intentional infliction of emotional distress, four elements must be established.  It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe."  Petyan v. Ellis, 200 Conn. 243, 253 (1986)(cleaned up).

"Liability for intentional infliction of emotional distress requires conduct that is so extreme and outrageous that it goes

-10-

beyond all possible bounds of decency, is regarded as atrocious, is utterly intolerable in a civilized society, and is of a nature that is especially calculated to cause, and does cause, mental distress of a very serious kind." Miner v. Town of Cheshire, 126 F.Supp.2d 184, 194 (D.Conn.2000). "Routine employment actions, even if made with improper motivations, do not constitute extreme or outrageous behavior." Javier v. Engelhard Corp., No. 3:00-CV-2301 (JCH), 2001 WL 1268619, at *5 (D. Conn. Oct. 1, 2001).

Allegations, even if false, that the plaintiff was untrustworthy, dishonest, and lax in the maintenance and purchasing of equipment, do not rise to the level of extreme or outrageous conduct. See Neron v. Cossette, No. CV116003350S, 2012 WL 1592174, at *7 (Conn. Super. Ct. Apr. 13, 2012)("[F]alse statements or accusations made in the employment context," such as accusations of embezzling company funds or statements of outbursts and irrational behavior, "do not rise to the level of extreme and outrageous conduct.").

Because the plaintiff has not alleged facts that could establish that the defendants' conduct was extreme or outrageous, he has failed to state a claim, and the Fifth Count must be dismissed.

**F. Sixth Count**

The Sixth Count is a claim against the Town, and Cunningham

-11-

and Quinn, in their individual and official capacities, for negligent infliction of emotional distress.

"[N]egligent infliction of emotional distress in the employment context arises only where it is 'based upon unreasonable conduct of the defendant in the termination process.'" Perodeau v. City of Hartford, 259 Conn. 729, 750 (2002)(citing Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997)). "[A]n individual municipal employee may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Perodeau, at 762-63.

Here, the Complaint alleges that the plaintiff was placed on administrative leave and ordered to attend an Employee Assistance Program session for anger management issues. The Complaint does not allege that the plaintiff was terminated. Rather, it alleges that he was "constructively and effectively terminated from his employment." (Compl. ¶ 29). There is no effort in the Complaint to identify unreasonable conduct on the part of any defendant related to the termination of the plaintiff's employment.

Because the plaintiff has not alleged facts that could establish that any defendant engaged in unreasonable conduct related to the termination of his employment, he has failed to

-12-

state a claim, and the Sixth Count must be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the defendants' Motion to Dismiss (ECF No. 17) is hereby GRANTED.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

Dated this 3rd day of August 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
